UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action<br>)<br>) Case No.: |
| **SHORELINE BUILDING SERVICES, LLC**; and **CRYSTAL MIDDLETON**, an individual, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin **SHORELINE BUILDING SERVICES, LLC;** and **CRYSTAL MIDDLETON**, an individual (hereinafter collectively, "Defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to sections 16(c) and 17 of the Act. 29 U.S.C. §§ 216(c), 217.

I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)     Defendant **SHORELINE BUILDING SERVICES, LLC**, is and, at all times hereinafter mentioned, was a limited liability company with an office and place of business

within Berrien County at 1240 Pipestone Rd., St. Joseph, Michigan 49085, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged providing cleaning services for commercial buildings.

(B) Defendant **CRYSTAL MIDDLETON**, an individual, is and, at all times hereinafter mentioned, was the owner of company defendant, **SHORELINE BUILDING SERVICES, LLC,** and was engaged in business at 1240 Pipestone Rd., St. Joseph, Michigan 49085, within the jurisdiction of this Court. At all times hereinafter mentioned, **CRYSTAL MIDDLETON** acted directly or indirectly in the interest of company defendant **SHORELINE BUILDING SERVICES, LLC** in relation to its employees, actively managing its day-to-day operations, supervising employees, and setting pay rates, and is an employer within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d).

### III

The company defendant, **SHORELINE BUILDING SERVICES, LLC**, is and, at all times hereinafter, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1)(A).

### IV

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for

commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants paid employees engaged primarily as janitorial cleaners a flat rate for all hours worked in a workday, even when employees worked in excess of forty hours in a workweek, in violation of section 7 of the Act. 29 U.S.C. § 207, 215(a)(2). Further, Defendant's failed to compensate travel time between employees' jobsites, resulting in unpaid overtime premiums for all hours worked in excess of forty hours in a workweek, in violation of section 7 of the Act. 29 U.S.C. § 207, 215(a)(2).

V

Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516. Specifically, Defendants failed to maintain accurate time records for employees that accurately reflected the hours worked in a workday or a workweek, failed to track the total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation, and failed to accurately track overtime paid. 29 U.S.C. § 211(c), 215(a)(5).

VI

During the period since April 21, 2018, Defendants have repeatedly violated the overtime and recordkeeping provisions of the Act. A judgment which enjoins and restrains these violations and includes the restraint of any withholding of payment of unpaid overtime compensation found

by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act. 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(c) For an Order awarding Plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

| | |
|---|---|
| Dated: April 21, 2020 | Respectfully submitted, |//

Dated: April 21, 2020

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*s/ David Tanury*
**DAVID TANURY**
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street,
Room 844
Chicago, Illinois 60604
Telephone: 312-353-4454
Facsimile: 312-353-5698
Email: tanury.david.j@dol.gov

**Local Counsel:**

Ryan D. Cobb
Civil Division Chief
United States Attorney's Office
Western District of Michigan
P.O. Box 208
Grand Rapids, Michigan 49501
Tel: (616) 808-2031
Fax: (616) 456-2510
Ryan.Cobb@usdoj.gov

**Exhibit A**

Constance Archer
Gregory Bird
Shaquille Birtha
Kenneth Crowder
Eddie Erby
Marcie Mainwaring
Mary McQueen
Filomena Norwood
Delightful Payne
Tammy Smith
Dwayne Wright